IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANDREW MEDINA. <br> Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. <u>5:17-cv-906</u> |
| BFI WASTE SERVICES OF TEXAS, LP <br> Defendant. | § § § | |

**EXHIBIT A**
**INDEX OF MATTERS FILED WITH NOTICE OF REMOVAL**

| <u>No.</u> | <u>Document</u> |
|---|---|
| 1. | Plaintiff's Original Petition, Request for Disclosure & Jury Demand |
| 2. | Citation |
| 3. | Defendant BFI Waste Services of Texas, LP's Original Answer |
| 4. | Case Summary (Docket Sheet) |
| 5. | List of Counsel of Record |

# Document No. 1

FILED
8/8/2017 3:35 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Krystal Gonzalez

cit pps sac 1

CAUSE NO. **2017CI14546**

| | | |
|---|---|---|
| ANDREW MEDINA, | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | 408 |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| BFI WASTE SERVICES OF TEXAS, LP, | § | |
| | § | |
| Defendant. | § | BEXAR COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION, REQUEST FOR DISCLOSURE & JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now ANDREW MEDINA, (hereinafter referred to as "Plaintiff"), complaining of Defendant BFI WASTE SERVICES OF TEXAS, LP (hereinafter referred to as "Defendant") and for a cause of action would respectfully show unto the Court as follows:

### DISCOVERY

1. *Discovery Control Plan.* Pursuant to Rule 190.4 of the Texas Rules of Civil Procedure, Discovery Control Plan Level Three governs this lawsuit.

2. *Request For Disclosure.* Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within 50 days of service of this request, the information described in Rule 194.2 of the Texas Rules of Civil Procedure.

### PARTIES

3. Plaintiff is a resident of the State of Texas. Plaintiff currently resides in Bandera, Texas and has resided there at all times material to this lawsuit.

4. Defendant is limited partnership organized under the laws of Delaware, doing business in Bexar County, Texas, with its principal place of business in Houston, Texas and may be served with process by serving its registered agent, CT CORPORATION SYSTEM at 1999 Bryan St., Ste. 900 Dallas, Texas 75201 and/or wherever a duly authorized agent of Defendant may be found.

## MISNOMER/MISIDENTIFICATION

5. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## JURISDICTION & VENUE

6. This court has personal jurisdiction, both specific and general, over Defendant because it does business in Bexar County, Texas and Defendant is amenable to service by a Texas court. Additionally, venue is proper in Bexar County because the employer's negligence that caused Plaintiff's injuries occurred in Bexar County, Texas. TEX. CIV. PRAC. & REM. CODE §15.002(a)(1).

7. Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value of this case is over two hundred thousand dollars ($200,000.00) but less than one million dollars ($1,000,000.00). Plaintiff reserves the right to amend these amounts if a jury awards an amount in excess of one million dollars ($1,000,000.00).

## STATEMENT OF FACTS

8. At all times relevant to this cause of action Plaintiff was employed by Defendant and Plaintiff was working in the course and scope of his employment with Defendant. Defendant is an employer that is not a "subscriber" of workers' compensation insurance at all times material to this action. At all times relevant to this suit, Defendant had a right of control over the means, methods, and details of the Plaintiff's work and the work of his co-employees.

9. On or about April 20, 2016, Plaintiff sustained an on-the-job injury while he was employed by Defendant and performing his duties as a waste collector. As part of his duties, Plaintiff was typically provided special debris equipment in order to transfer waste. On this day, Defendant in San Antonio failed to provide Plaintiff the necessary tools and equipment and instead instructed

Plaintiff to manually lift and throw heavy bags of debris and waste overhead and into a truck. The manner in which Defendant required Plaintiff to lift and throw the heavy bags of debris and waste into the truck rendered Claimant's job unusual and posed a threat of injury. In addition, Defendant failed to provide Plaintiff with the proper supervision and/or instrumentalities to safely perform this task. This caused Plaintiff to suffer serious bodily injury.

10. Defendant failed to become a subscriber under the Workers' Compensation Act of this State and Plaintiff hereby asserts a statutory non-subscriber claim against Defendant herein pursuant to Texas Labor Code § 406.033.

### VICARIOUS LIABILITY

11. Plaintiff would show that Defendant is liable for the damages and injuries, which were caused by the negligence of its employees, agents, and representatives. Defendant is liable for the acts or omissions of its subcontractors, employees, and agents of Defendant and any person at the location over whom the Defendant retained control. Defendant had control over the manner, methods, and procedures that its employees, agents, and representatives used in carrying out assigned duties on the premises.

12. In addition, Defendant owed a duty of care to Plaintiff because of this right of control, which arose through the course of dealing and relationship. Defendant was in control of the injury-producing activity and the safety of the premises, equipment, debris, and waste at the time of the incident and owed a duty to exercise its control in a reasonable manner. Defendant is liable under the doctrine of respondeat superior; master/servant; principal/agent for the acts of its employees, independent contractors, and temporary workers. Accordingly, any negligence of any of Defendant's employees that proximately caused or contributed to cause Plaintiff's incident and subsequent damages made the basis of this suit is attributable to Defendant under the doctrine of respondeat superior and said negligence is not a defense to Defendant pursuant to Texas Labor Code § 406.033(a)(3).

## NEGLIGENCE OF DEFENDANT

13.  Plaintiff would show that the damages and injuries were caused by the negligence of Defendant, its employees, agents, and representatives. Plaintiff would also show that Defendant owed a duty to Plaintiff, that Defendant breached said duty and that such breach was a proximate cause of the injury and the resulting damages to Plaintiff. Defendant, its agents, representatives, and employees were negligent by breaching its duty to Plaintiff in one or more of the following alternative theories of negligence:

   a. Failure to calculate the NIOSH lifting standard for the lift performed by Plaintiff to determine the proper weight and height Plaintiff was capable of lifting without incurring injuries;
   b. Requiring Plaintiff to lift and throw heavy bags of debris and waste over shoulder height, violating the NIOSH lifting standard, which proscribes the maximum weight to be lifted under ideal conditions, between the knees and shoulders;
   c. Failure to position the bags of debris and waste at a height that would allow Plaintiff to lift the bags within his power zone, the zone designated by NIOSH to be between his knees and shoulders;
   d. Requiring Plaintiff to lift heavy bags of debris and waste from ground level without assistance, mechanical or aid of second associate;
   e. Requiring Plaintiff to lift heavy bags of debris and waste at unsafe levels above his head;
   f. Requiring Plaintiff to throw the heavy bags of debris and waste at unsafe levels above his head;
   g. Requiring Plaintiff to lift heavy bags of debris and waste at a vertical lifting distance in excess of three feet;
   h. Failing to rotate Plaintiff between lifting and non-lifting tasks to avoid injuries, as prescribed by NIOSH;
   i. Failure to establish a stretching routine for proper ergonomic safety, as prescribed by NIOSH to avoid injuries;
   j. Failure to establish rest breaks for the task Plaintiff was performing at the time of his injury, as prescribed by NIOSH to avoid injuries;
   k. Failure to properly plan the worksite so as not to require Claimant to lift and throw the heavy bags of debris and waste above shoulder height;
   l. Failing to provide Plaintiff with safety tools and personal protective equipment to avoid lifting injuries;
   m. Failure to provide Plaintiff with the proper waste disposal equipment to perform the task Plaintiff was performing at the time of his injury;
   n. Failure to provide Plaintiff with the proper waste truck to perform the task Plaintiff was performing at the time of his injury;
   o. Negligent hiring of persons with inadequate qualifications, training, and safety experience;
   p. Failure to train and qualify on proper manual lifting techniques;
   q. Negligent layout of the work area;
   r. Failing to supervise;
   s. Failure to warn of the potential hazards of moving material manually;

    t. Failing to train, educate, test, and instruct its employees;
    u. Failing to furnish Plaintiff with a safe place to work;
    v. Failing to furnish its employees with adequate, necessary, and suitable tools, appliances and equipment;
    w. Failing to warn Plaintiff of the dangers of lifting without the proper training;
    x. Negligent avoidance of unnecessary physical stress and strain on Claimant;
    y. Failure to supply adequate and reasonably competent employees;
    z. Failure to establish and enforce safety rules and regulations;
    aa. Failure to provide adequate means of communication to enable its employee to inquire or obtain guidance from their employer on how to safely perform their job;
    bb. Failure to properly educate, instruct, and supervise its employees in the performance of their duties;
    cc. Failing to have a competent safety person on the job-site;
    dd. Failing to adequately train, educate, or provide instructions and orders to persons;
    ee. Failing to provide proper safety manuals and instructions to employees responsible for safety;
    ff. Failure to have adequate policies in place to prevent injuries like the one that happened to Plaintiff;
    gg. Failure to use ordinary care;
    hh. Other acts of negligence; and
    ii. Plaintiff reserves the right to supplement other acts of negligence as discovery reveals further acts of negligence.

One or more of the foregoing acts and omissions constituted negligence. Further, one or more of the foregoing acts or omissions was a proximate cause of the damages and injuries to Plaintiff.

## DAMAGES

14. As a direct result of the occurrence, Plaintiff suffered bodily injuries. Plaintiff has incurred expenses for medical care, attention, and other expenses including but not limited to necessary surgeries and medical attention. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

15. As a result of the injury, Plaintiff has been prevented from working and has lost earning capacity. Plaintiff will continue to suffer a loss of wage earning capacity in the future.

16. Plaintiff was prevented from performing his household duties and will continue to be unable to perform his household duties in the future.

17. Plaintiff has suffered pain and suffering in the past and will continue to suffer physical pain and suffering in the future.

18. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future.

19. Plaintiff has suffered impairment in the past and will continue to suffer impairment in the future.

20. Plaintiff has suffered disfigurement in the past and will continue to suffer disfigurement in the future.

### EXEMPLARY DAMAGES

21. Plaintiff is entitled to punitive damages because of Defendant's gross negligence. Defendant's acts or omissions, when viewed objectively from the standpoint of Defendant at the time of their occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and of which the Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others. Plaintiff is entitled to punitive damages in a sufficient amount to punish Defendant for its reckless, heedless and intentional conduct and to set an example for others that such conduct will not be tolerated.

### JURY DEMAND

22. Plaintiff respectfully requests a trial by jury of the issues in this case.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendant be cited to appear and answer, and that upon final trial, Plaintiff have judgment against Defendant for all relief requested, for pre-judgment interest, post judgment interest, for costs of this suit, punitive damages and for such other and further relief, general and special, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**Espinoza Law Firm, PLLC**
2211 Danbury St.
San Antonio, Texas 78217
210. 229.1300 t
210. 229.1302 f
www.espinozafirm.com

JAVIER ESPINOZA
Texas Bar No. 24036534
javier@espinozafirm.com
e-service@espinozafirm.com
**JESSE JON BUSTILLOS**
Texas Bar No. 24092202
jesse@espinozafirm.com

**ATTORNEYS FOR PLAINTIFF**

# Document No. 2



| | | Service of Process Transmittal |
|---|---|---|
| | | 08/17/2017 |
| | | CT Log Number 531777386 |

**TO:** Andrea Bettis, Paralegal
Republic Services, Inc.
18500 North Allied Way
Phoenix, AZ 85054

**RE:** **Process Served in Texas**

**FOR:** BFI Waste Services of Texas, LP  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ANDREW MEDINA, Pltf. vs. BFI Waste Services of Texas, LP, Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition and Request for Disclosure |
| **COURT/AGENCY:** | 408th Judicial District Court Bexar County, TX<br>Case # 2017CI14546 |
| **NATURE OF ACTION:** | Employee Litigation - Personal Injury - 04/20/2016 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/17/2017 at 13:50 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next after the expiration of 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Javier Espinoza<br>Espinoza Law Firm, PLLC<br>2211 Daribury St<br>San Antonio, TX 78217<br>210-229-1300 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/18/2017, Expected Purge Date: 08/23/2017<br><br>Image SOP<br><br>Email Notification,  Andrea Bettis  abettis@republicservices.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

Page 1 of  1 / JT

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

PRIVATE PROCESS

Case Number: 2017-CI-14546

2017CI14546 S00001

ANDREW MEDINA
VS.
BFI WASTE SERVICES OF TEXAS LP
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
408th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: BFI WASTE SERVICES OF TEXAS LP

BY SERVING ITS REGISTERED AGENT, CT CORPORATION SYSTEM

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION REQUEST FOR DISCLOSURE & JURY DEMAND, a default judgment may be taken against you." Said ORIGINAL PETITION REQUEST FOR DISCLOSURE & JURY DEMAND was filed on the 8th day of August, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 10TH DAY OF AUGUST A.D., 2017.

JESSE J BUSTILLOS
ATTORNEY FOR PLAINTIFF
2211 DANBURY ST
SAN ANTONIO, TX 78217-5910



**Donna Kay M<sup>c</sup>Kinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Christopher Morrow*, Deputy

---

ANDREW MEDINA
VS
BFI WASTE SERVICES OF TEXAS LP

**Officer's Return**

Case Number: 2017-CI-14546
Court: 408th Judicial District Court

I received this CITATION on the_____ day of_____, 20____ at _____o'clock ___M. and:( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION REQUEST FOR DISCLOSURE & JURY DEMAND on the date of delivery endorsed on it to_____, in person on the _____ day of_____, 20_____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

ORIGINAL (DK002)

# Document No. 3

FILED
9/11/2017 9:23 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Monica Hernandez

Case 5:17-cv-00906-DAE   Document 1-1   Filed 09/15/17   Page 14 of 20

CAUSE NO. 2017-CI-14546

| | | |
|---|---|---|
| ANDREW MEDINA, § | | IN THE JUDICIAL DISTRICT |
| Plaintiff, § | | |
| § | | |
| v. § | | 408TH DISTRICT COURT |
| § | | |
| BFI WASTE SERVICES OF TEXAS, LP, § | | |
| Defendant. § | | BEXAR COUNTY, TEXAS |

### DEFENDANT BFI WASTE SERVICES OF TEXAS, LP'S ORIGINAL ANSWER

Defendant BFI Waste Services of Texas, LP ("BFI") files its Original Answer and would respectfully show the following:

### I.

### GENERAL DENIAL

1. BFI, in accordance with Rule 92 of the Texas Rules of Civil Procedure, denies generally each and every allegation in Plaintiff's Original Petition and demands strict proof thereof.

### PRAYER

2. For these reasons, Defendant BFI Waste Services of Texas, LP asks this Court to enter judgment that Plaintiff Andrew Medina takes nothing from BFI, that BFI be awarded its costs, and that BFI be awarded such other and further relief to which it is entitled.

**DEFENDANT BFI WASTE SERVICES OF TEXAS, LP'S ORIGINAL ANSWER - Page 1 of 2**

        Respectfully submitted,

        **GLAST, PHILLIPS & MURRAY, P.C**.

BY:   /s/ Joseph D. Zopolsky
        Joseph D. Zopolsky
        State Bar No. 24033500
        James C. Erdle, Jr.
        State Bar No. 24069680
        Misty M. Escobedo
        State Bar No. 24066810

14801 Quorum Drive, Suite 500
Dallas, Texas 75254-1449
972.419.8300
972.419.8329 facsimile
jzopolsky@gpm-law.com
jerdle@gpm-law.com
mescobedo@gpm-law.com

COUNSEL FOR DEFENDANT
BFI WASTE SERVICES OF
TEXAS, LP

## CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the foregoing document was served upon all counsel of record in the above-captioned cause, pursuant to TEX. R. CIV. P. 21a on this 11th day of September 2017, by:

Hand Delivery:        _____
Electronic Service:      XX
Fax Transmittal:       _____

        /s/ Joseph D. Zopolsky
        Joseph D. Zopolsky

**DEFENDANT BFI WASTE SERVICES OF TEXAS, LP'S ORIGINAL ANSWER - Page 2 of 2**

# Document No. 4



# Case #2017CI14546

**Name**: ANDREW MEDINA

**Date Filed** : 08/08/2017

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 408

**Docket Type** : OTHER CIVIL CASES

**Business Name** :

**Style** : ANDREW MEDINA

**Style (2)** : vs BFI WASTE SERVICES OF TEXAS LP

# Case History

*Currently viewing 1 through 9 of 9 records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00008 | 9/11/2017 | ORIGINAL ANSWER OF<br>BFI WASTE SERVICES OF TEXAS LP |
| P00007 | 9/6/2017 | ATTORNEY UNAVAILABILITY NOTICE FILED FOR<br>JAMES ERDLE |
| P00006 | 9/6/2017 | ATTORNEY UNAVAILABILITY NOTICE FILED FOR<br>JOSEPH D ZOPOLSKY |
| S00001 | 8/10/2017 | CITATION<br>BFI WASTE SERVICES OF TEXAS LP<br>ISSUED: 8/10/2017 RECEIVED: 8/16/2017<br>EXECUTED: 8/17/2017 RETURNED: 9/7/2017 |
| P00005 | 8/8/2017 | JURY FEE PAID |
| P00004 | 8/8/2017 | SERVICE ASSIGNED TO CLERK 1 |
| P00003 | 8/8/2017 | CIVIL CASE INFORMATION SHEET |
| P00002 | 8/8/2017 | REQUEST FOR SERVICE AND PROCESS |
| P00001 | 8/8/2017 | PETITION<br>& JURY DEMAND |

# Document No. 5

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ANDREW MEDINA. § | |
|     Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 5:17-cv-906 |
| § | |
| BFI WASTE SERVICES OF TEXAS, LP § | |
|     Defendant. § | |

## LIST OF COUNSEL OF RECORD

**ESPINOZA LAW FIRM, PLLC**
Javier Espinoza
State Bar No. 24036534
Jesse Jon Bustillos
Texas Bar No. 24092202
2211 Danbury Street
San Antonio, Texas 78217
210. 229.1300
210.229.1302 facsimile
javier@espinozafirm.com
jesse@espinozafirm.com
e-service@espinozafirm.com
**Counsel for Plaintiff Andrew Medina**

**GLAST, PHILLIPS & MURRAY, P.C.**
Joseph D. Zopolsky
Attorney-In-Charge
State Bar No. 24033500
James C. Erdle, Jr.
State Bar No. 24069680
David W. Dodge
State Bar No. 24002000
14801 Quorum Drive, Suite 500
Dallas, TX 75254-1449
972.419.8300
972.419.8329 facsimile
jzopolsky@gpm-law.com
jerdle@gpm-law.com
ddodge@gpm-law.com
**Counsel For Defendant BFI Waste Services of Texas, LP**

**INDEX OF MATTERS FILED WITH NOTICE OF REMOVAL** – Page 2 of 2